**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEC 27 2012

Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| MICHAEL IDROGO, ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 12-2066 |
| PATRICK R. DONAHOE, *et al.*, ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for writ of mandamus. The Court will grant the application and dismiss the petition.

Petitioner, who alleges violations of his civil rights and of Texas law by respondents, demands "Order(s) from the Honorable Federal Court directing for Federal Election to the Texas Secretary of State that Idrogo be properly included on the ballot as an independent candidate for U.S. House District 20 of Texas for the November 2012 General Election as: Michael 'Commander' Idrogo." Pet. at 2.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346



3

U.S. 379, 384 (1953)). Petitioner does not establish any of these elements, and, accordingly, the Court will deny the petition.

An Order accompanies this Memorandum Opinion.

DATE:

12/18/12

/s/
United States District Judge